Weygandt, C. J.
The Goodyear Aircraft Corporation owns and operates a plant located in Springfield Township, Summit County, Ohio.
During the period here involved the company was engaged in the construction of airships for the federal government and also in the production of radar equipment for the Bendix Aviation Corporation.
For use in each of these operations the appellant produced certain necessary patterns, jigs, dies and drawings. The sole question of law here involved Is the taxability of these items. The facts are not in dispute.
The answer to the problem is found in the provisions of Section 5701.03, Eevised Code (Section 5325, General Code), which read in part as follows:
“As used in Title LVTI of the Eevised Code, ‘personal property’ includes every tangible thing which is the subject of ownership * * * other than patterns, jigs, dies, drawings * *
This unambiguous language would seem to be controlling. However, the apoellee commissioner nevertheless contends that the items mentioned are includ *202 able as elements of valuation of the appellant’s manufacturing inventory for personal property tax purposes. In the opinion of the majority of the Board of Tax Appeals it is stated that “this assessment is not an attempt to tax dies, jigs and patterns.”
With this conclusion this court finds itself unable to agree. The language of the statute is clear. There is no intimation that these items are taxable as elements of valuation of manufacturing inventory or in any other manner. It is provided simply and' specifically that patterns, jigs, dies, drawings, etc., are not included when the personal property tax is imposed, and it is not within the province of this court to amend the statute by holding that in some instances the items are directly or indirectly subject to the tax. In the construction of a legislative enactment, the question is not what did the General Assembly intend to enact but what is the meaning of that which it did enact. Slingluff v. Weaver, 66 Ohio St., 621, 64 N. E., 574; State v. Stevens, 161 Ohio St., 432, 119 N. E. (2d), 616.
Under the circumstances the decision of the Board of Tax Appeals must be reversed.

Decision reversed.

Middleton, Taft, Hart, Zimmerman, Stewart and Lamneok, JJ., concur.